UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| COREY BENNETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 19-1109-JDT-cgc |
| | ) | |
| HARDEMAN COUNTY PRISON, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING CLERK TO DOCKET MOTION FROM CASE #19-1114,
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 31, 2019, the Court received and docketed a *pro se* complaint purportedly filed by Corey Bennett and 82 other current or former prisoners. (ECF No. 1.) Bennett, who is a three-strike filer under 28 U.S.C. § 1915(g), is incarcerated at the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. (*Id.* at PageID 14.)[1] The complaint names as Defendants the Hardeman County Correctional Facility and Tennessee Department of Correction (TDOC) Commissioner Tony Parker.

Bennett has not filed the required financial documentation to proceed *in forma pauperis* in this matter. He did, however, file a motion to proceed *in forma pauperis* in another case that was filed in this Court only four days after the present complaint. *See Bennett, et al. v. Parker*,

---

[1] The other inmates listed in the complaint are housed in various state prison facilities all across Tennessee.

No. 1:19-cv-01114-JDT-cgc, ECF No. 11 (W.D. Tenn. dismissed July 30, 2019). Therefore, the Clerk is DIRECTED to docket in this case the motion to proceed *in forma pauperis* and attached documents that Bennett filed in case number 19-1114 at Docket Entry 11.

On July 8, 2019, the Clerk received and docketed two contradictory motions, both of which appeared to be from Bennett: a motion to voluntarily dismiss this action, (ECF No. 4), and a motion asking the Court to order the Clerk to list all 82 purported Plaintiffs on the docket and send each a copy of the docket sheet and an *in forma pauperis* affidavit form, (ECF No. 3). The Court denied the motion to add the other inmates to the docket and ordered Bennett to advise the Court by July 31, 2019, whether he intended to proceed in this matter. (ECF No. 5 at PageID 33.) The Court warned Bennett that "[f]ailure to respond to this order within the time specified will result in the dismissal of the case without further notice." (*Id.*)

Bennett has not responded to the Court's order for him to advise whether he intends to proceed with this matter. Instead, he filed a motion asking for a copy of the complaint to be sent to each of the other 82 inmates listed in the complaint and for an order requiring them to advise whether they signed the complaint and agreed to partcipate in this case, (ECF No. 6); the Court denied that motion, (ECF No. 8). After requesting and being sent a copy of the docket sheet, (ECF No. 9 & 10), Bennett filed a second motion for an order requiring the other inmates to advise whether they signed the complaint and intend to participate. (ECF No. 11.) However, because Bennett failed to respond to the Court's order within the time specified, this matter is subject to dismissal for that reason alone. Therefore, the motions for voluntary dismissal and for an order directed to the other 82 inmates are DENIED as moot. (ECF Nos. 4 & 11.)

Bennett's complaint also is subject to dismissal under 28 U.S.C. § 1915(g). Under the Prison Litigation Reform Act (PLRA), §§ 1915(a)-(b), a prisoner bringing a civil action must pay

the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Bennett has filed at least three previous civil actions while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[2] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v.*

---

[2] *See Bennett v. Isaacs, et al.*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (dismissed as frivolous and for failure to state a claim); *Bennett v. Sexton, et al.*, No. 3:13-cv-494 (E.D. Tenn. October 15, 2013) (dismissed as frivolous and for failure to state a claim); and *Bennett v. Sexton, et al.*, No. 3:13-cv-538 (E.D. Tenn. October 15, 2013) (dismissed as frivolous and for failure to state a claim).

*McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

The allegations in Bennett's complaint in this case are identical to those in case number 19-1114. He alleges that Defendant Commissioner Parker has refused to take any action against prison officials who have put "the plaintiff's [sic] life in danger by disclosing there [sic] involvement of homosexual activity with Plaintiff Corey Bennett." (ECF No. 1 at PageID 15.) Bennett further alleges that all of the other listed inmates "are confirmed gang members except Corey Bennett and have been involved with homosexual activity and acts with Plaintiff Corey Bennett." (*Id.*) He alleges that prison officials have "disclosed this to gang leaders causing the Plaintiff's [sic] lives to be put in severe danger." (*Id.*)

The complaint fails to sufficiently allege that Bennett was in imminent danger of any serious physical injury when the complaint was filed. The complaint alleges that the "Plaintiff[s'] lives" have been put in danger because unnamed prison officials told unnamed gang leaders that the listed inmates have been sexually involved with Bennett. Bennett does not allege facts showing that he personally faces imminent danger of serious physical injury. His vague and speculative allegations of danger are insufficient to satisfy § 1915(g). *See Clark v. Morgan*, No. 2:15-CV-10994, 2015 WL 1541890, at *2 (E.D. Mich. Apr. 7, 2015) (citing *Thompson v. Sampson*, No. 1:10-CV-231, 2010 WL 1027897, at *3 (W.D. Mich. Mar. 18, 2010) ("Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule."); *cf. Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (explaining that, to meet the requirement of § 1915(g), "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed").

The complaint does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless Bennett first tenders the civil filing fee. Accordingly, Bennett's motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g). This action is DISMISSED without prejudice. Bennett may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.[3]

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal by Bennett in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE

---

[3] Bennett recently filed eight lawsuits in the U.S. District Court for the Middle District of Tennessee regarding similar alleged events. On June 18, 2019, U.S. Magistrate Judge Alistair E. Newbern filed an identical order in all eight cases detailing Bennett's extensive and vexatious litigation in that district and his various tactics, including admittedly fraudulent allegations of imminent danger, misrepresentations about other inmates agreeing to be co-plaintiffs, and falsifying documents. *Bennett v. Mays*, Nos. 3:19-CV-00406, et al., 2019 WL 2524093, at *1-*5 (M.D. Tenn. June 18, 2019). Magistrate Newbern's order bars Bennett from filing any civil case in that Court that includes any Plaintiff other than himself, terminating every other Plaintiff from his pending cases in the Middle District of Tennessee, and directing the Clerk not to record any other Plaintiffs but Bennett in any future action he files. *Id.* at *6. Bennett appealed the Court's order in three of the cases but also moved to dismiss all eight. *See, e.g.*, 3:19-CV-00406 (M.D. Tenn.) (ECF Nos. 16 & 17).